1    Patrick W. Kelly, Bar No. 274588
     pkelly@swlaw.com
2    SNELL & WILMER L.L.P.
     City National 2Cal
3    350 South Grand Avenue
     Suite 3100
4    Los Angeles, California  90071
     Telephone:  213.929.2500
5    Facsimile:   213.929.2525

6    Attorneys for Plaintiff
     SV3, LLC
7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11    SV3, LLC, an Arizona limited liability      Case No.  5:19-cv-00046
     company,
12
              Plaintiff,
13                                   **Complaint for:**
       v.
14                                 **(1) Trademark Infringement;**
     GG DISTRIBUTION, INC., a California
15    corporation;                           **(2) False Designation of Origin;**
     RELIANCE TRADING, INC. dba US
16    VAPE WHOLESALE, a California        **(3) Counterfeiting;**
     corporation;
17    SPOTLESS DISTRIBUTION, INC., a      **(4) Common Law Trademark**
     California corporation; and                **Infringement; and**
18    IE VAPOR, INC., a California
     corporation,                          **(5) Violation of California Business**
19               Defendants.               **& Professions Code §§ 17200, et**
                                       **seq.**
20

21

22                                       **Demand for Jury Trial**

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Plaintiff SV3, LLC ("SV3") alleges as follows:

## JURISDICTION AND VENUE

1.     This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and for trademark infringement, passing off, counterfeiting, and unfair competition under the common law and the laws of the state of California.

2.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1338(a), 1338(b), and 15 U.S.C. § 1121.  This Court has supplemental subject matter jurisdiction over SV3's remaining state law and common law claims under 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdiction over defendants because they are incorporated in California and conduct business in California.

4.     Venue is proper in this district under 28 U.S.C. § 1391(b), (c), and (d) because defendants have offices located in this district, conduct a substantial amount of business in this district, and a substantial amount of the events or omissions giving rise to SV3's claims occurred in this district.

## PARTIES

5.     Plaintiff SV3 is an Arizona limited liability company that conducts a substantial amount of business in California.

6.     SV3 is informed and believes and thereupon alleges that defendant GG Distribution, Inc. ("GG Distribution") is a California corporation with its principal place of business at 463 4th Street, Los Angeles, California 90013.

7.     SV3 is informed and believes and thereupon alleges that defendant Reliance Trading, Inc. dba US Vape Wholesale ("Reliance Trading") is a California corporation with its principal place of business at 413 E 4th Street, Los Angeles, California 90013.

8.     SV3 is informed and believes and thereupon alleges that defendant Spotless Distribution, Inc. ("Spotless Distribution") is a California corporation with its principal place of business at 715 E Debra Lane, Anaheim, California 92805.

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

9. SV3 is informed and believes and thereupon alleges that defendant IE Vapor, Inc. ("IE Vapor") is a California corporation with its principal place of business at 9375 9th Street, Rancho Cucamonga, California 91730.

10. Defendants GG Distribution, Reliance Trading, Spotless Distribution, and IE Vapor are collectively referred to as "Defendants."

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### SV3's Trademarks and Electronic Vaporizers

11. SV3 is a well-known manufacturer and distributor of electronic vaporizers and related accessories branded with numerous SV3-owned trademarks. SV3 sells its electronic vaporizers and related accessories in this district and various other districts. SV3 directly oversees and licenses the use of the SV3 trademarks to its manufacturers and authorized distributors.

12. At least as early as 2009, SV3 began marketing its electronic vaporizers and accessories with several trademarks, many of which are now registered at the United States Patent & Trademark Office. These registered marks include, without limitation, the following:

| Mark | Description |
|---|---|
| SV<br><br>U.S. Registration No. 5,202,513 | Stylized "SV" mark for "Electronic cigarette batteries; chargers for electronic cigarettes; electronic cigarette kits comprised of electronic cigarette batteries and refill cartridges sold empty and filled with liquid nicotine solution" and "Electronic smoking devices, namely, electronic cigarettes and electronic cigars; structural components of electronic cigarettes, namely, refill cartridges sold empty and filled with liquid nicotine solution; accessories for electronic cigarettes, namely, carrying cases" (the "SV Mark"). |

SNELL & WILMER<br>ATTORNEYS AT LAW<br>350 SOUTH GRAND AVENUE<br>SUITE 2600<br>TWO CALIFORNIA PLAZA<br>LOS ANGELES, CALIFORNIA 90071

| | |
|---|---|
| Mi-one<br><br>U.S. Registration No. 5,338,518 | Stylized "Mi-one" mark for "Electronic smoking devices, namely, electronic cigarettes; electronic vaporizing kits comprising electronic cigarettes and electronic cigarette coils; accessories for electronic cigarettes, namely, carrying cases specially adapted for carrying electronic cigarettes". |
| MI-ONE<br><br>U.S. Registration No. 5,338,452 | Word mark "Mi-one" for "Electronic smoking devices, namely, electronic cigarettes and electronic vaporizing kits, coils, accessories for electronic cigarettes, namely, carrying cases specially adapted for carrying electronic cigarettes" (the stylized and word marks for Mi-One are collectively referred to as the "Mi-one Marks"). |

13.     At least as early as 2016, SV3 began marketing its electronic vaporizers and accessories with several other trademarks, which SV3 is currently seeking to register with the United States Patent and Trademark Office:

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

| Mark | Description |
|---|---|
| **U.S. Application No. 87/821,037** | Stylized "M" mark for "Batteries for oral vaporizers and electronic cigarettes and cigars; battery chargers for electronic cigarettes and cigars" and "Electronic smoking devices, namely, electronic cigarettes and cigars; electronic vaporizing kits, comprising electronic cigarettes and electronic cigarette coils; accessories for electronic cigarettes and cigars, namely, carrying cases specifically adapted for carrying electronic cigarettes and cigars; cartridges sold empty designed to contain chemical flavorings in liquid form for use with electronic cigarette and cigar vaporizers; smokers' oral vaporizer refill cartridges sold empty; refill cartridges sold filled with liquid nicotine solution; chemical flavorings in liquid form used to refill oral vaporizer electronic cigarette and cigar cartridges" (the "M Mark"). |
| **Mi-pod** <br> **U.S. Application No. 87/816/872** | Stylized "Mi-pod" mark for "Jewelry chains for electronic cigarettes; necklaces for electronic cigarettes" and "Electronic smoking devices, namely, electronic cigarettes; electronic vaporizing kits comprising electronic cigarettes and electronic cigarette coils; accessories specially adapted for electronic cigarettes, namely, chains and necklaces; cartridges sold empty designed to contain chemical flavorings in liquid form for use with electronic cigarette vaporizers". |
| MI-POD <br><br> U.S. Application No. 87/816/815 | Word mark "Mi-One" for "Electronic smoking devices, namely, electronic cigarettes; electronic vaporizing kits comprising electronic cigarettes and |

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

| |
|---|
| electronic cigarette coils; accessories specially adapted for electronic cigarettes, namely, chains and necklaces; cartridges sold empty designed to contain chemical flavorings in liquid form for use with electronic cigarette vaporizers" (the stylized and word marks for Mi-pod are collectively referred to as the "Mi-pod Marks.") |

14.     As a result of extensive advertising and promotion, the SV Mark, Mi-one Marks, M Mark, and Mi-pod Marks (collectively, the "Common Law Trademarks") have acquired significant value and have become distinctive and well-known to the consuming public and the trade as identifying and distinguishing SV3's goods and services.

15.     On information and belief, SV3's rights in the Common Law Trademarks were established before any date of first use on which Defendants may rely.

16.     At least as early as 2009, SV3 began marketing electronic vaporizers with distinctive, protectable elements, including a very unique and recognizable shape.  The electronic vaporizers and its packaging prominently display the SV Mark, M Mark, and Mi-pod Mark.

17.     Below are photos of SV3's Mi-pod electronic vaporizers:






18.     In addition to being distinctive, in light of SV3's years of continuous use of the unique features of the electronic vaporizers, along with the depiction of its Common Law Trademarks, consumers associate the combination of features with SV3.  SV3 has expended substantial time, effort, and resources to develop the goodwill associated with the SV3 Common Law Trademarks.  These efforts include a consistent commitment to using high quality components and consumer safety features in SV3-branded products.  As a result of the high quality of SV3's products, as well as SV3's strategic marketing and advertising efforts, SV3 has enjoyed growing commercial success, leading to the acquisition of strong trademark law rights and substantial goodwill in the Common Law Trademarks.

19.     The Common Law Trademarks have also acquired secondary meaning through, among other things, SV3's sales, advertising, and promotional efforts. SV3's electronic vaporizers are known for their quality and portability.  SV3 has developed electronic vaporizers that are top of the market in terms of performance. They are also available in multiple colors.

20.     The Common Law Trademarks acquired secondary meaning prior to Defendants' introduction of a counterfeit product.

**Defendants Are Selling Counterfeit Products, Which Infringe on SV3's Common Law Trademarks**

21.     In 2018, SV3 was alerted by a few of its retailers that SV3's Mi-pod

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

vaporizers were malfunctioning and were being returned by customers.  The retailers then shipped a few of the malfunctioning vaporizers to SV3.  While these malfunctioning vaporizers appeared to be SV3's Mi-pod vaporizers, they were not. The malfunctioning vaporizers had the SV Mark and the Mi-pod Mark on the packaging and the M Mark on the vaporizer itself.  But all true SV3 Mi-pod vaporizers come with a printed "lot number."  The malfunctioning vaporizers did not have a lot number.  It was clear that the malfunctioning vaporizers were not SV3 products.

22.    After taking a closer inspection of the malfunctioning vaporizers, SV3 found that the quality of plastics used in the malfunctioning vaporizers was low and demonstrably different than that of genuine SV3 products.  A visual inspection showed that the malfunctioning vaporizers were manufactured using different molds.  Critically, various components of SV3's genuine products—including features necessary for safety and functionality—are absent from the malfunctioning vaporizers.  Again, it was clear that the malfunctioning vaporizers were not SV3 products and did not perform to SV3's standards.  They were counterfeit products.

23.    SV3 demanded that its retailers produce the invoices for the malfunctioning vaporizers.  The invoices showed that the malfunctioning vaporizers came from defendants Spotless Distribution and IE Vapor.  Defendants do not have a license to use any of SV3's Common Law Trademarks.

24.    Below are side-by-side photo examples of the counterfeit vaporizers from Spotless Distribution and IE Vapor (on the left) and the authentic vaporizers from SV3 (on the right):

| Counterfeit Vaporizers | Authentic SV3 Vaporizers |
|---|---|
|  |  |
|  |  |
|  |  |

4813-5166-2468

COMPLAINT

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071





Fake security sticker















## **GG Distribution and Reliance Trading Are Also Infringing**

25.     SV3 is informed and believes and thereupon alleges that GG Distribution, Reliance Trading, Spotless Distribution, and IE Vapor are related and commingled businesses.

26.     SV3 is informed and believes and thereupon alleges that GG Distribution and Spotless Distribution are operated by relatives, Saquib Shoaib and Adnan Shoaib.

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

27.     SV3 is informed and believes and thereupon alleges that Adnan Shoaib is the current Chief Executive Officer of Spotless Distribution and, at the very least, the former Chief Financial Officer of IE Vapor.

28.     SV3 is informed and believes and thereupon alleges that Defendants are working together to infringe upon SV3's Common Law Trademarks.  Indeed, GG Distribution and Reliance Trading are located on the same street within walking distance.  SV3 is informed and believes and thereupon alleges that Defendants mix counterfeit products with authentic products to create the impression that all the products they sell are authentic.  SV3 is informed and believes that each of the Defendants is knowingly selling or attempting to sell electronic vaporizers and accessories that infringe SV3's Common Law Trademarks.

29.     Defendants are marketing and selling vaporizers with the Common Law Trademarks.  SV3 is informed and believes that Defendants are trying to pass off their vaporizers as those of SV3's and trade off SV3's goodwill.

30.     Defendants also sell their counterfeit goods through the same or similar channels as SV3 sells its goods.

31.     Defendants' goods, which feature the Common Law Trademarks, are such that prospective purchasers or consumers of Defendants' goods and SV3's goods are likely to be confused as to the source of the goods.

32.     Defendants' use of the Common Law Trademarks in commerce in connection with Defendants' products is causing and is likely to cause confusion, deception, and mistake in the minds of the public with respect to the origin and source of the products.

33.     SV3 is informed and believes and thereupon alleges that Defendants deliberately misappropriated the Common Law Trademarks to trade upon the goodwill that the Common Law Trademarks have developed in connection therewith, and to lead customers to believe that SV3 is the source of such products

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

and services, which in fact do not originate with SV3 and are not sponsored by, or affiliated with SV3.  Defendants intentionally and knowingly misappropriated SV3's Common Law Trademarks.

### SV3 Sent Defendants a Cease and Desist Letter

34.    On November 2, 2018, SV3 sent Defendants a letter informing Defendants that their products were infringing the Common Law Trademarks.  SV3 is informed and believes and thereupon alleges that Defendants continue to use the Common Law Trademarks and sell counterfeit products.  A true and correct copy of the cease and desist letter is attached as Exhibit A and fully incorporated by this reference.

### FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114 – Against All Defendants)

35.    SV3 realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 34, inclusive.

36.    The SV Mark and Mi-one Marks are used in commerce and are valid, registered, protectable trademarks under the Lanham Act.  At least as early as 2009, SV3 has continuously used the SV Mark and the Mi-one Marks to identify their goods and to distinguish them from those made and sold by others.

37.    Defendants' continued and unauthorized use of the SV Mark and Mi-one Marks in connection with the sale of its electronic vaporizers and accessories constitutes trademark infringement under 15 U.S.C. § 1114.

38.    Defendants' acts of trademark infringement and unfair competition, as alleged above, were committed with the knowledge that the SV Mark and Mi-one Marks were intended to be used to cause confusion, mistake and to deceive.

39.    Defendants' wrongful use in commerce of the SV Mark and Mi-one Marks is likely to (i) cause confusion and mistake in the minds of the public with respect to the origin, affiliation, and source of Defendants' products and (ii) to

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

4813-5166-2468

- 12 -

COMPLAINT

deceive purchasers of such products into believing that SV3 controls the quality thereof and endorses the same.

40.     By reason of Defendants' acts, SV3 suffered and continues to suffer damage to its business, reputation, and goodwill, and the loss of sales and profits SV3 would have made but for Defendants' acts, in an amount to be proven at the time of trial.

41.     Pursuant to 15 U.S.C. § 1117, SV3 is entitled to recover Defendants' profits, any damages sustained by SV3, and the cost of the action, including but not limited to reasonable attorneys' fees, as a result of Defendants' acts of infringement against SV3's SV Mark and Mi-one Marks.

42.     Defendants have continued to engage in the acts complained of herein after SV3 alerted Defendants to their infringement, and unless restrained and enjoined, Defendants may continue to do so, all to SV3's irreparable harm.  It would be difficult to ascertain the amount of compensation which would afford SV3 adequate relief from such continuing acts, and a multiplicity of judicial proceedings would be required.  SV3's remedy at law is not adequate to compensate it for the injuries threatened.

43.     Pursuant to 15 U.S.C. § 1117, Defendants' infringement of the SV Mark and Mi-one Marks is deliberate, willful, fraudulent, and without any extenuating circumstances, and constitutes a knowing use of the SV Mark and Mi-one Marks.  SV3 is therefore entitled to recover three times the amount of actual damages, plus prejudgment interest.

### SECOND CLAIM FOR RELIEF

### (Violation of Lanham Act by Use of False Designation in
### Interstate Commerce – Against All Defendants)

44.     SV3 realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 43, inclusive.

45.   Defendants caused goods identified by SV3's SV Mark and Mi-one Marks to enter into interstate commerce.  Defendants' use of the SV Mark and Mi-one Marks was a false designation of origin which was likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Defendants' goods with SV3 and as to the origin, sponsorship, or approval of Defendants' goods and SV3's related goods.

46.   Defendants' acts, as alleged above, were in violation of 15 U.S.C. § 1125(a), because Defendants used in connection with its goods a false designation of origin, a false or misleading description and representation of fact which was likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' goods with SV3 and as to the origin, sponsorship, or approval of Defendants' goods and SV3's related goods.

47.   By reason of Defendants' acts, SV3 suffered and continues to suffer damage to its business, reputation, and goodwill, and the loss of sales and profits SV3 would have made but for Defendants' acts, in an amount to be proven at the time of trial.

48.   Pursuant to 15 U.S.C. § 1117, SV3 is entitled to recover Defendants' profits and any damages sustained by SV3, and the cost of the action, including but not limited to reasonable attorneys' fees, as a result of Defendants' acts of infringement against SV3's SV Mark and Mi-one Marks.

49.   Defendants have continued to engage in the acts complained of herein after SV3 alerted Defendants to their infringement, and unless restrained and enjoined, Defendants may continue to do so, all to SV3's irreparable harm.  It would be difficult to ascertain the amount of compensation which would afford SV3 adequate relief from such continuing acts, and a multiplicity of judicial proceedings would be required.  SV3's remedy at law is not adequate to compensate it for the injuries threatened.

50.   Pursuant to 15 U.S.C. § 1117, Defendants' infringement of the SV

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Mark and Mi-one Marks is deliberate, willful, fraudulent, and without any extenuating circumstances, and constitutes a knowing use of the SV Mark and Mi-one Marks, SV3 is therefore entitled to recover three times the amount of actual damages, plus prejudgment interest.

### THIRD CLAIM FOR RELIEF

### (Counterfeiting – Against All Defendants)

51.     SV3 realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 50, inclusive.

52.     The SV Mark is used in commerce and is a valid, protectable trademark under the Lanham Act.  At least as early as 2009, SV3 has continuously used the SV Mark to identify its goods and to distinguish those goods from those made and sold by others.

53.     Defendants' continued and unauthorized use of the SV Mark in connection with the sale of its electronic vaporizers and accessories constitutes trademark counterfeiting under 15 U.S.C. § 1114.  Defendants' use of the SV Mark is substantially identical to SV3's use of the SV Mark.

54.     Defendants' acts of trademark counterfeiting, as alleged above, were committed with the knowledge that the SV Mark was intended to be used to cause confusion, mistake and to deceive.

55.     Defendants' wrongful use in commerce of the SV Mark is likely to (i) cause confusion and mistake in the minds of the public with respect to the origin, affiliation, and source of Defendants' products and (ii) to deceive purchasers of such products into believing that SV3 controls the quality thereof and endorse the same.

56.     Defendants' conduct is intended to exploit the goodwill and reputation associated with SV3's SV Mark and to take a competitive advantage without expenditure of resources, by a strategy of willful infringement.

57.     By reason of Defendants' acts, SV3 suffered and continues to suffer

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

damage to its business, reputation, and goodwill, and the loss of sales and profits SV3 would have made but for Defendants' acts, in an amount to be proven at the time of trial.

58.   Pursuant to 15 U.S.C. § 1117, SV3 is entitled to recover, at its election, (a) three times Defendants' profits or any damages sustained by SV3, whichever is greater, or (b) an award of statutory damages in the amount of (i) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods sold, offered for sale, or distributed; or (ii) if the Court finds that the use of the counterfeit marks was willful, not more than $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.  Additionally, SV3 is entitled to recover the cost of the action, including but not limited to reasonable attorneys' fees, plus prejudgment interest.

59.   Defendants have continued to engage in the acts complained of herein after SV3 alerted Defendants to their infringement, and unless restrained and enjoined, Defendants may continue to do so, all to SV3's irreparable harm.  It would be difficult to ascertain the amount of compensation which would afford SV3 adequate relief from such continuing acts, and a multiplicity of judicial proceedings would be required.  SV3's remedy at law is not adequate to compensate it for the injuries threatened.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement – Against All Defendants)

60.   SV3 realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 59, inclusive.

61.   SV3 owns and has superior rights in and to the Common Law Trademarks.

62.   SV3 has continuously and extensively used the Common Law Trademarks since as early as 2009 in connection with its electronic vaporizers and accessories, and has not abandoned the Common Law Trademarks.

63.     By virtue of their willful disregard for SV3's trademark rights, and their knowing and intentional misrepresentations, Defendants' conduct, as described above, misleads the public as to the nature, source and/or origin of its goods so as to create a likelihood of confusion as to the nature, source, or sponsorship of Defendants' goods.

64.     Defendants' conduct wrongfully tarnishes the goodwill symbolized by the Common Law Trademarks.

65.     By reason of Defendants' acts, SV3 suffered and continues to suffer damage to its business, reputation, and goodwill, and the loss of sales and profits SV3 would have made but for Defendants' acts, in an amount to be proven at the time of trial.

66.     Defendants have continued to engage in the acts complained of herein after SV3 alerted Defendants to their infringement, and unless restrained and enjoined, Defendants may continue to do so, all to SV3's irreparable harm.  It would be difficult to ascertain the amount of compensation which would afford SV3 adequate relief from such continuing acts, and a multiplicity of judicial proceedings would be required.  SV3's remedy at law is not adequate to compensate them for the injuries threatened.

67.     Defendants' wrongful use of the Common Law Trademarks is deliberate, willful, and in reckless disregard of SV3's trademark rights, entitling SV3 to recover punitive damages.

## FIFTH CLAIM FOR RELIEF

### (Violation of California Business & Professions
### Code §§ 17200, *et seq.* – Against All Defendants)

68.     SV3 realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 67, inclusive.

69.     California Business & Professions Code section 17200, *et seq.* prohibits unfair competition, which includes unlawful business acts or practices.

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

70.     Defendants' conduct, as described above, constitutes acts of unlawful and unfair competition in violation of California Business & Professions Code section 17200 by, among other things, willfully infringing the Common Law Trademarks.

71.     As a direct and proximate result of Defendants' wrongful acts, SV3 has suffered and continues to suffer lost profits and irreparable damage to their business reputation and goodwill.  SV3 has no adequate remedy at law to rectify the injuries and harm to it proximately caused by these unlawful acts.  Defendants will continue, unless restrained, to use SV3's Common Law Trademarks and will cause irreparable injury to SV3.  SV3, therefore, seeks injunctive relief, enjoining Defendants, their officers, agents and employees, and all persons acting in concert with them from engaging in further acts of unfair competition.

72.     As a direct and proximate result of Defendants' wrongful conduct as described herein, Defendants have gained revenues and other amounts properly belonging to SV3 and SV3 seeks restitution of those amounts.

## PRAYER FOR RELIEF

WHEREFORE, SV3 prays for the following relief:

**On the First and Second Claims for Relief:**

1.     That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Defendants and their agents, servants, and employees from further acts of unfair competition or infringement, including, without limitation, directly or indirectly using the SV Mark and Mi-one Marks, or any other mark similar to the SV Mark and Mi-one Marks;

2.     In furtherance of the injunction, that Defendants deliver to SV3 for destruction all signs, products, advertisements, literature, and any other promotional material, which feature the SV Mark and Mi-one Marks or any other trademarks confusingly similar to the SV Mark and Mi-one Marks;

3.      In furtherance of the injunction, SV3 requests that this Court permanently enjoin Defendants and their agents, servants, and employees from:

a.      Offering for sale, soliciting sales, advertising, or selling any products in any medium under any mark, name, symbol, logo, or other indicia that incorporates or is confusingly similar to the SV Mark and Mi-one Marks;

b.      Offering for sale, soliciting sales, advertising, or selling any electronic vaporizers or accessories in any medium, under any mark, name, symbol, logo, or other indicia that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants' products or services originate from SV3, or that Defendants or their agents are authorized by SV3 or are endorsed by SV3 or are sponsored by SV3, or are connected in some way with SV3; and

c.      Using false designations or from engaging in any act or series of acts that, either alone or in combination, constitute deceptive or unfair methods of competition with SV3 and from otherwise interfering with, or injuring SV3's SV Mark and Mi-one Marks or the goodwill associated therewith;

4.      That Defendants be required to account to SV3 for any and all profits and other gains derived by Defendants from the use of the SV Mark and Mi-one Marks;

5.      That the Court award SV3 treble the amount of actual damages suffered by SV3;

6.      That the Court award SV3 the amount of actual damages suffered by SV3 in an amount to be proven at trial, if the Court for any reason does not award SV3 treble the amount of actual damages suffered by SV3; and

7.      That the Court determine that this is an exceptional case, pursuant to 15 U.S.C. § 1117, and therefore, award SV3's attorneys' fees and costs in this action, plus prejudgment interest.

**On the Third Claim for Relief:**

1.      That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Defendants and their agents, servants, and employees from further acts of unfair competition or infringement, including, without limitation, directly or indirectly using the SV Mark, or any other mark similar to the SV Mark;

2.      In furtherance of the injunction, that Defendants deliver to SV3 for destruction all signs, products, advertisements, literature, and any other promotional material, which feature the SV Mark or any other trademarks confusingly similar to the SV Mark;

3.      In furtherance of the injunction, SV3 requests that this Court permanently enjoin Defendants and their agents, servants, and employees from:

a.      Offering for sale, soliciting sales, advertising, or selling any products in any medium under any mark, name, symbol, logo, or other indicia that incorporates or is confusingly similar to the SV Mark;

b.      Offering for sale, soliciting sales, advertising, or selling any electronic vaporizers or accessories in any medium, under any mark, name, symbol, logo, or other indicia that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants' products or services originate from SV3, or that Defendants or their agents are authorized by SV3 or are endorsed by SV3 or are sponsored by SV3, or are connected in some way with SV3; and

c.      Using false designations or from engaging in any act or series of acts that, either alone or in combination, constitute deceptive or unfair

1    methods of competition with SV3 and from otherwise interfering with, or

2    injuring SV3's SV Mark or the goodwill associated therewith;

3        4.    That Defendants be required to account to SV3 for any and all profits

4    and other gains derived by Defendants from the use of the SV Mark;

5        5.    That the Court award SV3, at its election, (a) three times Defendants'

6    profits or any damages sustained by SV3, whichever is greater, or (b) an award of

7    statutory damages in the amount of (i) not less than $1,000 or more than $200,000

8    per counterfeit mark per type of goods sold, offered for sale, or distributed; or (ii) if

9    the Court finds that the use of the counterfeit marks was willful, not more than

10   $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or

11   distributed; and

12       6.    That the Court determine that this is an exceptional case, pursuant to

13   15 U.S.C. § 1117, and therefore, award SV3's attorneys' fees and costs in this

14   action, plus prejudgment interest.

15   **On the Fourth Claim for Relief:**

16       1.    That this Court grant an injunction pursuant to the powers granted it

17   under 15 U.S.C. § 1116, enjoining and restraining Defendants and their agents,

18   servants, and employees from further acts of unfair competition or infringement,

19   including, without limitation, directly or indirectly using the Common Law

20   Trademarks, or any other mark similar to the Common Law Trademarks;

21       2.    In furtherance of the injunction, that Defendants deliver to SV3 for

22   destruction all signs, products, advertisements, literature, and any other promotional

23   material, which feature the Common Law Trademarks or any other trademarks

24   confusingly similar to the Common Law Trademarks;

25       3.    In furtherance of the injunction, SV3 requests that this Court

26   permanently enjoin Defendants and their agents, servants, and employees from:

27           a.    Offering for sale, soliciting sales, advertising, or selling any

28           products in any medium under any mark, name, symbol, logo, or other

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
LOS ANGELES, CALIFORNIA 90071

indicia that incorporates or is confusingly similar to the Common Law Trademarks;

b. Offering for sale, soliciting sales, advertising, or selling any electronic vaporizers or accessories in any medium, under any mark, name, symbol, logo, or other indicia that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants' products or services originate from SV3, or that Defendants or their agents are authorized by SV3 or are endorsed by SV3 or are sponsored by SV3, or are connected in some way with SV3; and

c. Using false designations or from engaging in any act or series of acts that, either alone or in combination, constitute deceptive or unfair methods of competition with SV3 and from otherwise interfering with, or injuring SV3's Common Law Trademarks or the goodwill associated therewith;

4. That Defendants be required to account to SV3 for any and all profits and other gains derived by Defendants from the use of the Common Law Trademarks;

5. That the Court award SV3 the amount of actual damages suffered by SV3 in an amount to be proven at trial; and

6. That the Court award SV3 punitive damages.

**On the Fifth Claim for Relief:**

1. That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Defendants and their agents, servants, and employees from further acts of unfair competition or infringement, including, without limitation, directly or indirectly using the Common Law Trademarks, or any other mark similar to the Common Law Trademarks;

2. In furtherance of the injunction, that Defendants deliver to SV3 for destruction all signs, products, advertisements, literature, and any other promotional

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

material, which feature the Common Law Trademarks or any other trademarks confusingly similar to the Common Law Trademarks;

3.      In furtherance of the injunction, SV3 requests that this Court permanently enjoin Defendants and their agents, servants, and employees from:

a.      Offering for sale, soliciting sales, advertising, or selling any products in any medium under any mark, name, symbol, logo, or other indicia that incorporates or is confusingly similar to the Common Law Trademarks;

b.      Offering for sale, soliciting sales, advertising, or selling any electronic vaporizers or accessories in any medium, under any mark, name, symbol, logo, or other indicia that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants' products or services originate from SV3, or that Defendants or their agents are authorized by SV3 or are endorsed by SV3 or are sponsored by SV3, or are connected in some way with SV3; and

c.      Using false designations or from engaging in any act or series of acts that, either alone or in combination, constitute deceptive or unfair methods of competition with SV3 and from otherwise interfering with, or injuring SV3's Common Law Trademarks or the goodwill associated therewith; and

4.      That the Court award restitution to SV3 for Defendants' wrongful conduct pursuant to Cal. Bus. & Prof. Code § 17203.

**On Each and Every Claim for Relief:**

1.      For expedited discovery on the subject of the suppliers and purchasers of Defendants' counterfeit products;

2.      For such other preliminary, provisional, and permanent injunctive relief or order for specific performance as may be necessary to restrain Defendants from further acts in violation of SV3's legal rights; and

1    3.    For such other relief as this Court may deem necessary or appropriate.

2

3

4    Dated:  January 7, 2019                SNELL & WILMER L.L.P.

5

6                                           By: */s/ Patrick W. Kelly*
                                                Patrick W. Kelly
7

8                                           Attorneys for Plaintiff
                                            SV3, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

4813-5166-2468                    - 24 -                    COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2          SV3, LLC hereby demands a trial by jury of all claims triable by jury.

3

4

Dated:  January 7, 2019                              SNELL & WILMER L.L.P.

5

6

7                                                                By:  */s/ Patrick W. Kelly*
                                                                            Patrick W. Kelly

8                                                                Attorneys for Plaintiff
9                                                                SV3, LLC

10

11

SNELL & WILMER
ATTORNEYS AT LAW
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28