TODD GALLINGER, ESQ. SBN 238666
AABRU MADNI, ESQ. SBN 317472
GALLINGER LAW PC
4401 N Atlantic Ave., Ste 235
Long Beach, CA 90807
949-862-0010
todd@gallingerlaw.com

Attorneys for Defendants GG Distribution, Inc., AND Reliance Trading, Inc., dba US Vape Wholesale

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SV3, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>GG DISTRIBUTION, INC., a California corporation; RELIANCE TRADING, INC., dba US VAPE WHOLESALE, a California Corporation; SPOTLESS DISTRIBUTION, INC., a California Corporation; and IE VAPOR, INC., a California Corporation,<br><br>Defendant(s) | Case No.: 5:19-cv-00046-JGB (SPx)<br>Hon. Jesus G. Bernal<br>Hon. Magistrate Sheri Pym<br>Ctrm: 1<br><br>**DEFENDANTS GG DITRIBUTION, INC.'S AND RELIANCE TRADING, INC.'S MEMORANDUM OF POUNTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION, SEIZURE ORDER, AND EXPEDITED DISCOVERY** |

## I. INTRODUCTION

GG Distribution, Inc. (GG Distribution) and Reliance Trading, Inc. dba US Vape Wholesale (Reliance or Reliance Trading) are both distributors of electronic cigarette products. GG Distribution and Reliance did, in the past, sell SV3's Mi-Pod

products which Reliance obtained from GG Distribution and which GG Distribution obtained from a licensed reseller. (Declaration of Asad Mohemed ¶ 4; Declaration of Umais Abu Baker ¶¶ 4 & 5). GG Distribution and Reliance maintain that they have never knowingly sold counterfeit products and, in fact, there are no factual allegations contained within Plaintiff's Ex Parte Motion or accompanying documents which would tie GG Distribution or Reliance to the distribution of any counterfeit products.

Instead, Plaintiff relies solely on unclear allegations of GG Distribution and Reliance being related to IE Vapor, Inc. and Spotless Distribution, Inc. – the companies it does allege distributed counterfeit products. These unclear allegations are certainly not enough to show any likelihood of success on the merits.

Moreover, Plaintiff contacted and began negotiating with all Defendants on November 2, 2018. GG Distribution and Reliance both responded to SV3's attorneys' cease and desist letter and stopped sales of all SV3 Products. (Mohemed Decl. ¶¶ 5 & 6; Abu Baker Decl. ¶¶ 6, 7 & 8). Plaintiffs actions in reaching out to Defendants over two months before they filed their "emergency" motion demonstrates the lack of dire need for an *ex parte* seizure order and expedited discovery. Defendants additionally have none of SV3's products in stock, other than a small number of defective units returned by customers. (Abu Baker Decl. ¶ 9).

## II.   STANDARD OF REVIEW

The Supreme Court has deemed a preliminary injunction to be "an extraordinary remedy never awarded as of right." Winter v NRDC, 555 U.S. 7, 24 (2008). In order to obtain preliminary injunctive relief, including a TRO, a plaintiff must show that: a) it is likely to succeed on the merits; b) it is likely to suffer irreparable harm in the absence of relief; c) the balance of equities tips in its favor; and d) an injunction is in the public interest. Id. at 20. Overruling Ninth Circuit law to the contrary, the Winter majority affirmed that irreparable harm has to be "likely" as opposed to just "possible." Id. at 22; see Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127 (9th Cir. 2011) (in light of Winter, without a showing of irreparable harm in the first instance, no balancing of

remaining factors is permitted). Injunctions must be "narrowly tailored … to remedy only the specific harms shown by the plaintiffs." <u>Price v. City of Stockton</u>, 390 F.3d 1105, 1117 (9th Cir. 2004).

### III.  ARGUMENT

Plaintiff arguments fail each element of the Ninth Circuit's test for preliminary injunctive relief: they are unlikely to succeed on the merits, they have failed to show irreparable harm in the absence of an injunction, and the balance of the equities and the public interest militate strongly against the requested relief. Any one of these failings is a sufficient basis on which to reject plaintiffs' motion.

### A. PLAINTIFF HAS NOT DEMONSTRATED A LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff has completely failed to demonstrate a likelihood of success on the merits as to GG Distribution and Reliance Trading, in fact, Plaintiff has completely failed to make any factual allegations that GG Distribution or Reliance Trading engaged in any infringing activity. All the allegations that GG Distribution or Reliance Trading engaged in infringing activity are conclusory legal allegations that the "Defendants" distributed counterfeit products. (Habicht Decl. ¶ 19). While there are numerous allegations of specific transactions and counterfeit sales by Defendants IE Vapor, Inc. and Spotless Distribution, Inc., there are no allegations of individual transactions by GG Distribution of Reliance, or even who they are alleged to have distributed the infringing products to. In fact, none of the retailers listed in the Declaration of Geoff Habicht identify GG Distribution and Reliance Trading as their suppliers. (See Id. ¶¶ 14, 16, 17, 18, 19, 20).

Plaintiff's case against GG Distribution of Reliance Trading is based on the unclear allegation that they are "related and commingled businesses" with Spotless Distribution and IE Vapor. (Id. ¶ 24). The basis for this allegation against GG Distribution is apparently only that one of its officers is a relative of an officer in Spotless Distribution.  (Id. ¶ 25). The basis of including Reliance Trading is even more far fetched, that an officer of GG Distribution registered their website. (Id. ¶ 29). These

allegations are clearly insufficient to establish any sort of alter ego liability between the Defendants and without specific allegations against GG Distribution and Reliance Plaintiffs cannot have sustained their burden of demonstrating a likelihood of success.

## B. PLAINTIFF FAILED TO SHOW IRREPARABLE HARM IN THE ABSENCE OF AN INJUNCTION

### i. A Limited, Emergency Circumstances, as Required for Ex Parte Relief, Has Not Been Demonstrated

Ex parte applications are solely for extraordinary relief and are rarely justified. Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995). They are inherently unfair, pose a threat to the administration of justice, debilitate the adversary system and the goal often appears to be surprising opposing counsel in order to force them to drop all other work and respond on short notice. Id. at 490. Further, "when unsupportable allegations are made in regular noticed motions, they can, to a great extent, be neutralized by a well-prepared rebuttal. In papers prepared on short notice, however, the lawyers too often make allegations that have no supporting evidence to back them up... the advocates draw conclusions that appear to be supported by voluminous exhibits, but are not borne out when the evidence is reviewed with more deliberation and more careful rebuttal than is possible in hasty hearings on ex parte motions." Id. at 491.

In the Ex parte application filed by the Plaintiff SV3, LLC, all of the above concerns abound. Defendants have extremely limited time to respond while Plaintiffs have spent over two months preparing their "emergency" motion. As to GG Distribution and Reliance Trading, Plaintiffs have made no factual allegations of any sales of infringing goods, only legally conclusory statements that "Defendants" engaged in sales may be imputed against them. Without even allegations of past violations, it should be impossible for Plaintiffs to sustain their arguments that an emergency exists as to GG Distribution and Reliance Trading.

As this Court has stated, "the opportunities for legitimate ex parte applications are extremely limited." In re Intermagnetics America, Inc., 101 B.R. 191 (C.D.Cal. 1989). A

legitimate circumstance may arise where there is some genuine urgency such that "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition." Id. at 192. Ex Parte proceedings are also only appropriate where there is a danger that notice to an opposing party will result in that party's flight or destruction of evidence. Id. at 193. A final situation may arise when a party seeks a routine order. Id. at 192. The Plaintiff's application has not demonstrated any injury by GG Distribution and Reliance Trading, let alone continuing and irreparable injury, and Plaintiff's application does not demonstrate a likelihood of flight or destruction of evidence, an idea strongly supported by Plaintiff's counsel waiting two months to file this *ex parte* application after contacting Defendants.

          ii.  Plaintiff has not shown that They will be Irreparably prejudiced

To justify ex parte relief, the evidence must show that the Plaintiff's cause will be irreparably prejudiced if the motion is heard according to regular noticed motion procedures. Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995). To show irreparable prejudice, the Plaintiff must show that there are close issues that justify the court's review before the party suffers the severe harm. Id. at 492. If the harm would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits. Id. at 492.

Plaintiff is not irreparably prejudiced because he has not provided any facts or explained why the Court must act immediately to prevent a severe harm. Specifically, Plaintiff has made just general allegations against the GG Distribution and Reliance, without identifying any alleged infringing sales – sales which they now claim, without offering any evidence that they even took place, are continuing. In fact, neither GG Distribution or Reliance Trading currently sell SV3 products or has their products in stock. (Mohemed Decl. 6; Abu Baker Decl. 8 & 9).

Furthermore, Plaintiff's delay in filing this application indicates that there is no urgency to the requested relief. See Berjikian v. Franchise Tax Bd., No. CV 13-06301 DDP JCGX, 2013 WL 4677772, at *1 (C.D. CaL Aug. 30, 2013); Rosal v. First Fed.

Bank of California, NO. C 09-1276 PJH, 2009 WL 837570, at *1 (N.D. Cal. Mar. 26, 2009) ([T]he court finds that plaintiff's delay in requesting a TRO mitigates against its issuance."). By sending out a 'cease and desist' letter to the defendants and then waiting two months before filing an ex parte application for a TRO, the Plaintiff has in fact shown that there is no urgency in their hope for the requested relief.

## C. THE BALANCE OF THE EQUITIES AND THE PUBLIC INTEREST MITIGATE STRONGLY AGAINST THE REQUESTED RELIEF

Finally, this Court is also required to consider the balance of equities and the public interest in considering a request for a TRO or preliminary injunction. Even if plaintiff could show a likelihood of success on the merits (which they cannot) and a likelihood of irreparable harm (which they have not), a TRO or preliminary injunction should not issue because it would delegitimize the process by which potential plaintiffs and defendants confer prior to the filing of such emergency orders.

As stated previously, both defendants in this matter were given a "cease and desist" letter, to which both responded, respectively, and accordingly with the Plaintiff's demand, halted the sales of the products at issue in this matter. GG Distribution responded by providing invoices from a licensed supplier. (Abu Baker Decl. Ex. 1). There is no reason, then, to punish the Defendants with a TRO attempting to accomplish the same end that has already been honored by each of the defendants writing in opposition to this motion.

## IV. CONCLUSION

In sum, the Plaintiff has failed to establish that they have a likelihood of success on the merits or that they will be irreparably prejudiced or harmed by the denial of the TRO. Therefore, the plaintiff does not meet the requirements for the granting of the ex parte application, and as such, this Court should deny it.

Dated this 15th day of January, 2019

By:     GALLINGER LAW PC

/s/ Todd E. Gallinger

Todd E. Gallinger, Esq.
Aabru Madni, Esq.

Attorneys for Defendants,
GG Distribution Inc., and
Reliance Trading, Inc.