TODD GALLINGER, ESQ. SBN 238666
AABRU MADNI, ESQ. SBN 317472
GALLINGER LAW PC
4401 Atlantic Ave., Ste 235
Long Beach, CA 90807
949-862-0010
todd@gallingerlaw.com

Attorneys for Defendants GG Distribution, Inc., AND Reliance Trading, Inc., dba US Vape Wholesale

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SV3, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>GG DISTRIBUTION, INC., a California corporation; RELIANCE TRADING, INC., dba US VAPE WHOLESALE, a California Corporation; SPOTLESS DISTRIBUTION, INC., a California Corporation; and IE VAPOR, INC., a California Corporation,<br><br>Defendant(s) | Case No.: 5:19-cv-00046-JGB (SPx)<br>Hon. Jesus G. Bernal<br>Hon. Magistrate Sheri Pym<br>Ctrm: 1<br><br>**ANSWER OF DEFENDANTS GG DISTRIBUTION, INC., AND RELIANCE TRADING, INC. TO PLAINTIFF SV3 LLC'S COMPLAINT FOR:**<br>  1) **Trademark Infringement;**<br>  2) **False Designation of Origin;**<br>  3) **Counterfeiting;**<br>  4) **Common Law Trademark Infringement; and**<br>  5) **Violation of California Business & Professions Code §§ 17200, et seq.**<br><br>Action Filed: January 7th, 2019 |

COMES NOW Defendants GG DISTRIBUTION, INC., a California corporation (hereinafter "GG Distro"), and RELIANCE TRADING, INC., a California Corporation (hereinafter "RELIANCE"), (hereinafter collectively referred

to as "Defendants") to answer the Complaint of Plaintiff SV3, LLC (hereinafter "SV3" or "Plaintiff"), and allege the following:

## JURISDICTION AND VENUE

1. In answering paragraph 1, Defendants admit that Plaintiff alleges that this is an action under the Lanham Act, 15 U.S.C. §§1114 and ll25(a), and for trademark infringement, passing off, counterfeiting, and unfair competition under the common law and the laws of the state of California.

2. In answering paragraph 2, Defendants admit that Plaintiff alleges that this Court has original subject matter of this action under 28 U.S.C. §§ 1338(a), 1338(b), and 15 U.S.C. § 1121, and supplemental subject matter jurisdiction over Plaintiff's remaining state law and common law claims under 28 U.S.C. S 1367(a).

3. In answering paragraph 3, Defendants admit only that they are incorporated in California and conduct business in California. Defendants deny the remaining allegations in paragraph 3.

4. In answering paragraph 4, Defendants admit only the allegations that Defendants were doing business in this judicial district and the State of California and that the location of Defendants' offices is as alleged, Defendants deny all other allegations contained therein.

## PARTIES

5. In answering paragraph 5, Defendants admit the allegations contained therein based on information and belief.

6. In answering paragraph 6, Defendants admit the allegations contained therein based on information and belief.

7. In answering paragraph 7, Defendants admit the allegations contained therein based on information and belief.

8. In answering paragraph 8, Defendants admit the allegations contained therein.

9. In answering paragraph 9, Defendants admit the allegations contained therein.

10. In answering paragraph 10, Defendants admit that Plaintiff collectively referrers to GG Distribution, Reliance Trading, Spotless Distribution, Inc. and IE Vapor as Defendants.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF
### SV3's Trademarks and Electronic Vaporizers

11. In answering paragraph 11, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

12. In answering paragraph 12, Defendants admit that U.S. Registrations No. 5,202,513, No. 5,338,518, and 5,338,452 list the Current Owner as SV3, LLC. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on such basis alone deny the remaining allegations contained therein.

13. In answering paragraph 13, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

14. In answering paragraph 14, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

15. In answering paragraph 15, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

16. In answering paragraph 16, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

17. In answering paragraph 17, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

18. In answering paragraph 18, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

19. In answering paragraph 19, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

20. In answering paragraph 20, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

### Defendant's Are Selling Counterfeit Products, Which Infringe on SV3's Common law Trademarks

21. In answering paragraph 21, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

22. In answering paragraph 22, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

23. In answering paragraph 23, Defendants admit that they do not have a license to use any of SV3's Common Law Trademarks. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23, and on such basis alone deny the allegations contained therein.

24. In answering paragraph 24, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

### GG Distribution and Reliance Trading Are Also Infringing

25. In answering paragraph 25, Defendants deny the allegations contained therein.

26. In answering paragraph 26, Defendants admit the allegations contained therein.

27. In answering paragraph 27, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

28. In answering paragraph 28, Defendants admit only that Defendants GG Distro and Reliance are located on the same street within walking distance, and deny the remaining allegations contained therein.

29. In answering paragraph 29, Defendants deny the allegations contained therein.

30. In answering paragraph 30, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

31. In answering paragraph 31, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

32. In answering paragraph 32, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

33. In answering paragraph 33, Defendants deny the allegations contained therein.

### SV3 Sent Defendants a Cease and Desist Letter

34. In answering paragraph 34, Defendants admit only that in November of 2018, they received a copy of the cease and desist letter attached to Plaintiff's Complaint as Exhibit A, and deny the remaining allegations contained therein.

### FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under 15 U.S.C. § 1114 – Against All Defendants)

35. In answering paragraph 35, Defendants repeat, re-allege, and incorporate by

reference their responses to paragraphs 1-35, stated above.

36. In answering paragraph 36, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

37. In answering paragraph 37, Defendants deny the allegations contained therein.

38. In answering paragraph 38, Defendants deny the allegations contained therein.

39. In answering paragraph 39, Defendants deny the allegations contained therein.

40. In answering paragraph 40, Defendants deny the allegations contained therein.

41. In answering paragraph 41, Defendants deny the allegations contained therein.

42. In answering paragraph 42, Defendants deny the allegations contained therein.

43. In answering paragraph 43, Defendants deny the allegations contained therein.

## SECOND CLAIM FOR RELIEF
## (Violation of Lanham Act by Use of False Designation in
## Interstate Commerce – Against All Defendants)

44. In answering paragraph 44, Defendants repeat, re-allege, and incorporate by reference their responses to paragraphs 1-44, stated above.

45. In answering paragraph 45, Defendants admit only that they have purchased and sold goods identified by SV3's SV Mark and/or Mi-one Marks, and deny the remaining allegations contained therein.

46. In answering paragraph 46, Defendants deny the allegations contained therein.

47. In answering paragraph 47, Defendants deny the allegations contained therein.

48. In answering paragraph 48, Defendants deny the allegations contained therein.

49. In answering paragraph 49, Defendants deny the allegations contained therein.

50. In answering paragraph 50, Defendants deny the allegations contained therein.

## THIRD CLAIM FOR RELIEF

## (Counterfeiting – Against All Defendants)

51. In answering paragraph 51, Defendants repeat, re-allege, and incorporate by reference their responses to paragraphs 1-50, stated above.

52. In answering paragraph 52, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

53. In answering paragraph 53, Defendants deny the allegations contained therein.

54. In answering paragraph 54, Defendants deny the allegations contained therein.

55. In answering paragraph 55, Defendants deny the allegations contained therein.

56. In answering paragraph 56, Defendants deny the allegations contained therein.

57. In answering paragraph 57, Defendants deny the allegations contained therein.

58. In answering paragraph 58, Defendants deny the allegations contained therein.

59. In answering paragraph 59, Defendants deny the allegations contained therein.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement – Against All Defendants)

60. In answering paragraph 60, Defendants repeat, re-allege, and incorporate by reference their responses to paragraphs 1-59, stated above.

61. In answering paragraph 61, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

62. In answering paragraph 62, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on such basis alone deny the allegations contained therein.

63. In answering paragraph 63, Defendants deny the allegations contained therein.

64. In answering paragraph 64, Defendants deny the allegations contained therein.

65. In answering paragraph 65, Defendants deny the allegations contained therein.

66. In answering paragraph 66, Defendants deny the allegations contained therein.

67. In answering paragraph 67, Defendants deny the allegations contained therein

## FIFTH CLAIM FOR RELIEF

### (Violation of California Business & Professions Code §§ 17200, et seq. – Against All Defendants)

68. In answering paragraph 68, Defendants repeat, re-allege, and incorporate by reference their responses to paragraphs 1-67, stated above.

69. In answering paragraph 69, Defendants admit the allegations contained therein.

70. In answering paragraph 70, Defendants deny the allegations contained therein.

71. In answering paragraph 71, Defendants deny the allegations contained therein.

72. In answering paragraph 72, Defendants deny the allegations contained therein.

## PRAYER FOR RELIEF

**On the First and Second Claims for Relief**

1. In answering paragraph 1, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

2. In answering paragraph 2, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

3. In answering paragraph 3, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

4. In answering paragraph 4, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

5. In answering paragraph 5, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

6. In answering paragraph 6, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

7. In answering paragraph 7, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

**On the Third Claim for Relief**

1. In answering paragraph 1, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

2. In answering paragraph 2, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

3. In answering paragraph 3, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

4. In answering paragraph 4, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

5. In answering paragraph 5, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

6. In answering paragraph 6, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

**On the Fourth Claim for Relief**

1. In answering paragraph 1, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

2. In answering paragraph 2, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

3. In answering paragraph 3, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

4. In answering paragraph 4, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

5. In answering paragraph 5, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

6. In answering paragraph 6, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

**On the Fifth Claim for Relief**

1. In answering paragraph 1, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

2. In answering paragraph 2, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

3. In answering paragraph 3, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

4. In answering paragraph 4, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

**On the Each and Every Claim for Relief**

1. In answering paragraph 1, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

2. In answering paragraph 2, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

3. In answering paragraph 3, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiff has incurred and of the damages alleged. Thus, the Plaintiff is not entitled to the relief requested.

## AFFIRMATIVE DEFENSES

In furtherance of its defense in this matter, Defendants hereby allege the following separate affirmative defenses to the claims alleged by Plaintiff in its complaint. In making these affirmative defenses, Defendants do not admit any of the allegations contained within the complaint, except for what has been expressly admitted above.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

1. As and for a first separate and affirmative defense, Defendants allege that the complaint and each and every purported Cause of Action alleged therein, fails to allege facts sufficient to state a cause of action against this answering Defendant for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Waiver and Acquiescence)

2. As and for a second separate and affirmative defense, Defendants allege that the claims made in the Complaint are barred by the doctrines of waiver and acquiescence.

### THIRD AFFIRMATIVE DEFENSE
(Estoppel)

3. As and for a third separate and affirmative defense, Defendants allege that Plaintiff is estopped from asserting its purported claims against Defendants.

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

4. As and for a fourth separate and affirmative defense, Defendants allege that Plaintiff failed to take reasonable and necessary steps to mitigate its own damages, which damages this answering Defendant expressly denies, and accordingly, this Defendant is not liable for any damages the Plaintiff should have avoided or mitigated.

### FIFTH AFFIRMATIVE DEFENSE
(Laches)

5. As and for a fifth separate and affirmative defense, Defendants allege that the complaint, and each and every purported cause of action alleged therein, is barred under the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
(Unclean Hands)

6. As and for a sixth separate and affirmative defense, Defendants allege that the complaint, and each and every purported cause of action alleged therein, is barred under the doctrine of unclean hands. In making said affirmative defense, Defendants do not admit, but in fact expressly deny any liability to Plaintiff as alleged in the complaint.

### SEVENTH AFFIRMATIVE DEFENSE
(Attorney Fees Inappropriate)

7. As and for a seventh separate and affirmative defense, Defendant alleges that the Complaint and each and every cause of action listed therein, fails to state facts sufficient to support an award of damages for attorney fees, expert witness fees, and other litigation fees, costs, and expenses as against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

(Seeking Leave of Court to Seek Contribution from Other Parties for Disproportionate Share of Judgment Paid by This Defendant)

8. As and for a eighth separate and affirmative defense, Defendants deny that they are liable, in any fashion, to Plaintiff with respect to the damages claimed by Plaintiff in its complaint; however, if Defendants are somehow found liable to Plaintiff in any fashion, then Defendants provisionally allege that their acts upon which liability may be assessed against them are not the sole and proximate cause of Plaintiff's injuries, and that the damages awarded to Plaintiff, if any, are to be apportioned according to the respective fault of the parties, persons, or entities, or their agents, servants and employees who contributed to and/or caused the damages according to proof presented at trial.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Provide Notice of Alleged Infringement)

9. As and for a ninth separate and affirmative defense, Defendants allege that the complaint, and each and every purported cause of action alleged therein, is barred in whole or in part, by Plaintiff's failure to provide notice of the alleged infringement at issue.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Provide Notice of Registration of Trademark)

10. As and for a tenth separate and affirmative defense, Defendants allege that the complaint, and each and every purported cause of action alleged therein, is barred in whole or in part, because of Plaintiff's failure to provide notice of the registration of the mark at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

(Duplicative Claims)

11. As and for a eleventh separate and affirmative defense, Defendants allege that the complaint, and each and every purported cause of action alleged therein, is

barred in whole or in part, to the extent Plaintiff seeks overlapping or duplicative recovery pursuant to the various claims alleged against Defendants for any alleged single wrong.

## TWELFTH AFFIRMATIVE DEFENSE
(Adequacy of Remedy at Law)

12. As and for a twelfth separate and affirmative defense, Defendants allege that the alleged damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Indemnity)

13. To the extent Defendant is liable, if at all, for the claims of Plaintiff, the fact and extent of which this Defendant denies, Defendant is entitled to indemnification, contribution, and/or equitable apportionment for such claims among and from all parties, individuals or other entities responsible for those claims.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Innocent Infringement)

14. As and for a fourteenth separate and affirmative defense, Defendants allege that the claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Third Party Use)

15. As and for a fifteenth separate and affirmative defense, Defendants allege that the claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Lack of Irreparable Harm)

16. To the extent Defendant is liable, if at all, for the claims of Plaintiff, the fact and extent of which this Defendant denies, Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Fair Use)

17. The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive use.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(First Sale Doctrine)

18. The claims made in the Complaint are barred, in whole or in part, by the first sale doctrine.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Functionality)

19. The claims made in the Complaint are barred, in whole or in part, on the basis that any marks at issue are functional.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Generic Terms)

20. The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue are generic.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Lack of Secondary Meaning)

21. The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue lack secondary meaning.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Damage)

22. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by any reason of any act alleged against the Defendant in the Complaint, and the relief prayed for in t he Complaint therefore cannot be granted.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Stated Affirmative Defenses)

12. As and for a twenty-third separate and affirmative defense, Defendants allege that they presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Accordingly, Defendants reserve the right to assert additional defenses pending further discovery and investigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendants GG DISTRIBUTION, Inc. and RELIANCE TRADING, Inc. pray for the following relief:

A.  That all Claims against Defendants GG DISTRIBUTION, Inc. and RELIANCE TRADING, Inc. be dismissed with prejudice, and that all relief requested by Plaintiff be denied;

B.  That a judgment be entered declaring that Defendants GG DISTRIBUTION, Inc. and RELIANCE TRADING, Inc. have not infringed, do not infringe, and do not induce or contribute to the infringement, of any trademark owned by Plaintiff;

C.  Declaring that this case is exceptional under Section 35(a) under the Lanham Act and that Defendants GG DISTRIBUTION, Inc. and RELIANCE TRADING, Inc. are entitled to attorneys' fees and costs;

    D.    That Defendants GG DISTRIBUTION, Inc. and RELIANCE TRADING, Inc. be awarded their costs, attorneys' fees and other relief, both legal and equitable, to which they may be justly entitled; and

    E.    That Defendants GG DISTRIBUTION, Inc. and RELIANCE TRADING, Inc. is awarded such other and further relief as is just and proper.

Dated this 12th day of March, 2019.

RESPECTFULLY SUBMITTED:

GALLINGER LAW PC

/s/ Todd E. Gallinger

---

Todd E. Gallinger, Esq.
Aabru Madni, Esq.

Attorneys for Defendants, GG Distribution Inc., and Reliance Trading, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March, 2019 a true and correct copy of the foregoing document was served upon the counsel of record listed below by the Central District of California ECF method or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Attorney For SV3, LLC
**Patrick W. Kelly**
SNELL & WILMER LLP
350 South Grand Avenue, Suite 3100
Los Angeles, CA 90071
P: 213-929-2500
E: pkelly@swlaw.com
Served electronically via CM/ECF

Attorney For SV3, LLC
**Don Bivens**
SNELL & WILMER LLP
400 East Van Buren, Suite 1900
Phoenix, AZ 85004
P: 602-382-6549
E: dbivens@swlaw.com
Served electronically via CM/ECF

Attorney For IE Vapor, Inc., *and* Spotless Distribution, Inc.
**Nicolas W. Spigner**
Spiegal & Utrera, PC
8939 S. Sepulveda Blvd., Suite 400
Los Angeles, CA 90045
P: (800) 603-3900
E: attorneyspigner@amerilawyer.com
Served electronically via CM/ECF

**Dated: March 12, 2019**

**Respectfully Submitted:**

/s/ Todd E. Gallinger

**Todd E. Gallinger, Esq.**